BOLIN, Judge
(dissenting).
While the majority opinion is supported by some case law it is not, in my opinion, supported by a realistic interpretation of the Workmen’s Compensation Act nor does it do justice to an employee who is injured while performing hazardous duties in a de facto hazardous occupation.
The concurring opinion by Justice Bar-ham in Fontenot v. J. Weingarten, Inc., 259 La. 217, 249 So.2d 886 (1971), at pages 891, 892 and 893, states what I consider to be a sound, logical and realistic interpretation of the last paragraph of La.R.S. 23:1035:
“. . . First, the named hazardous occupations of R.S. 23:1035 are not exclusive. The last paragraph of that provision reads: ‘If there be or arise any hazardous trade, business or occupation or work other than those hereinabove enumerated, it shall come under the provisions of this Chapter. The question of whether or not a trade, business, or occupation not named herein is hazardous may be determined by agreement between the employer and employee or by submission at the instance of either to the court having jurisdiction over the employer in a civil case. The decision of the court shall not be retroactive in its effect.’ The majority read the last two sentences as modifying the first and thus reasoned that only one means is provided for naming new hazardous occupations. This is not the correct interpretation. It is true that an employee and his employer may agree that an occupation is hazardous, or either may submit the question to a court for a prospective declaratory determination. However, the court must declare in any case, when warranted under the facts, that a trade or occupation is hazardous and is included under R.S. 23 :1035, and that holding is applicable to the case at issue and all others of a similar nature. [Cases cited in footnote] The Legisla *453 ture has clearly mandated the courts to classify, when necessary, new occupations as hazardous.
* * * * *
“Our jurisprudence has stated that if an employee comes in contact with ‘hazardous features’ of an employer’s business which is not classified as hazardous and he is regularly and frequently exposed to such hazards, he is entitled to recover under workmen’s compensation. The difficulty with the rule as enunciated by this jurisprudence is that the courts have resorted to R.S. 23:1035 to define ‘hazardous features’. R.S. 23.:1035 defines only hazardous occupations. Nowhere in the workmen’s compensation act is ‘hazardous features’ defined. Therefore, since we have jurisprudentially created the rule concerning hazardous work in a non-hazardous occupation, we should judicially interpret what constitutes hazardous features in order to make that rule realistic, meaningful, adequate, and current.
“R.S. 23:1035 was adopted in 1914 and has not been changed since that time. The Legislature intended that the courts of this state supply the necessary interpretation to make the Workmen’s Compensation Act applicable to present times. Sixty years after the passage of that particular section, we are still applying definitions which were used by the Legislature to correct ills then apparent. The Legislature was trying to provide some financial assistance to the employees who it believed in those times were most exposed to harm because of the nature of the business in which they were employed. While operation of motor vehicles for hire is not a named hazardous occupation, certainly the Legislature of 1914, if it were possible, and our present Legislature would join us in stating that it is an occupation far more hazardous than chimney-sweeping, which is a named hazardous occupation.* * *
“The accidents envisioned by the Legislature of 1914 were the ones which were common to the times. These injuries anticipated were dismemberment, breaking and mangling of members of the body, and cutting or burning of the body by the many new machines and devices of the industrial age. The injuries common in workmen’s compensation cases today occur not only from contact with machinery but from exposure to risks of harm that are totally disassociated with machinery.
“As previously noted, hazardous features of employment, hazardous work, are not defined by the statute. Rather than be straitjacketed and misled by resorting to an inapplicable section of the statute for definition of hazardous activities, we should be realistic and include hazard in fact. Heavy lifting, climbing, exposure to excessive heat, and numerous other duties should be declared to be hazardous work or hazardous features of employment in an non-hazardous trade. We cannot wrap ourselves in the cocoon of R.S. 23:1035 and declare that we are bound to define hazardous duties under the terminology there found. That section was not intended as a definition of hazardous features of employment, and it does not sensibly define that term. Is it reasonable to believe that our Legislature intended that a salesman in a nonhazardous occupation who travels by railroad should be covered by the act, but that a laborer in the same occupation who lifts hundred-pound bags or pushes a heavily loaded wheelbarrow all day should not be covered? Do we really believe that the law anticipated that all who flip light switches should recover under the act, but that their fellow employees who lift and strain all day at hard, physical labor should not ?”
The district judge found plaintiff’s hernia was caused by lifting a St. Bernard dog, followed by the lifting of a smaller dog; “that the occupation of veterinarian *454 assistant is hazardous because of the danger of being bitten, scratched, clawed or the possibility of getting rabies.” Based upon this finding and the interpretation of the law as previously set forth herein, I think the judgment of the lower court is correct and accordingly I respectfully dissent.